[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFICIENCY JUDGMENT
The defendant guarantors have raised a number of defenses to the plaintiff's request for a deficiency judgment.
The plaintiff has raised an objection to such claims based on its position that such claims are barred at a deficiency judgment hearing. The court does not make a determination of plaintiff's claim since it is not necessary to do so.
The court has reviewed the evidence presented by the parties together with the briefs of the parties addressed to the claimed defenses of defendant guarantors. These claimed defenses are as follows:
1. The plaintiff failed to act in a commercially CT Page 6500 reasonable manner in the disposition of its collateral thereby impairing the value of same all to the detriment of the Guarantors.
2. The plaintiff breached its duty to deal fairly and in good faith.
3. That the plaintiff failed to pursue the foreclosure with due diligence.
4. That the Guarantors provided evidence that the net operation of the leases supported a 1.20 to 1 debt coverage ratio that would release the Guarantors.
The court finds that the defendant guarantors failed to sustain their burden of proof as to their claimed defenses.
The remaining issue before the court is the calculation of the deficiency judgment.
The Guarantors raise a claim outside of their special defenses concerning the calculation of late charges. All late charges were included in the judgment of strict foreclosure entered September 23, 1991. No appeal was taken from that judgment. The court therefore will not disturb its finding of debt on that date with late charges included therein.
Both plaintiff and the Guarantors presented evidence of the fair market value of the subject properties on November 14, 1991. The court finds the fair market value of the Orchard Street property to be $135,000.00 and the fair market value of the Boston Avenue property to be $100,000.00.
In addition the court awards an additional attorney's fee to the plaintiff's attorney in the amount of $1,500.00, and an additional appraisal fee of $300.00.
Therefore a deficiency judgment in the sum of $141,179.52 may enter against defendants Russel J. Tomatore, Wayne R. Browning and Harry P. Rawlinson.
STODOLINK, JUDGE